<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY MANUFACTURERS INSURANCE COMPANY as subrogee of: THE ESTATE OF VIRGINIA HILAIRE; BASIL AND ANASTASIA MOLARIS; THOMASZ AND GRACYNA BOROWIAK; JULIE M. JAMES, and; JOANNE VARRIANO; and STATE FARM FIRE AND CASUALTY COMPANY as subrogee of: RUTH AND JEROME KRACHT, and; DONALD F. ROSA, <br><br>Plaintiffs, <br><br>v. <br><br>CASTLTON ENVIRONMENTAL CONTRACTORS, LLC, <br><br>Defendants. | Civil Action No.: 11-2123 <br><br> **MEMORANDUM AND ORDER** |

This matter comes before the Court on defendant Castlton Environmental Contractors, LLC's ("Defendant's") motion to dismiss Plaintiffs, New Jersey Manufacturers Insurance Company and State Farm Fire and Casualty Company's (collectively "Plaintiffs'") complaint for *forum non conveniens*. For the reasons stated below, Defendant's motion is denied.

### I. Facts

On April 9, 2010, an explosion occurred at 64 Rutgers Place, Clifton, N.J. 07013 (the "Subject Property"). On the date in question, Defendant's employee was outside the Subject Property, using a backhoe to remove an abandoned oil fuel tank. Plaintiffs allege that, while operating the backhoe, Defendant's employee damaged a fuel line, releasing natural gas. Plaintiffs

further allege that the natural gas was ignited by a pilot light from an appliance inside the Subject Property. The explosion and subsequent fire caused significant damage to the Subject Property and surrounding area, although the extent of the damage is in dispute.

On the date of the incident, Plaintiff New Jersey Manufacturers Insurance Company ("NJM"), a New Jersey corporation, provided property insurance for the Subject Property and for three neighboring properties. Likewise, Plaintiff State Farm Fire and Casualty Company ("State Farm"), an Illinois corporation, provided property insurance for two additional properties. As a result of the explosion and subsequent fire, both NJM and State Farm made payments to and on behalf of the respective insureds. Plaintiffs allege that to the extent of these payments, both NJM and State Farm are contractually, legally, and equitably subrogated to the insureds' rights against Defendant, a Delaware corporation.

On April 14, 2011, Plaintiffs filed a complaint in this Court, alleging that Defendant is liable under theories of negligence and strict liability for causing the explosion and subsequent fire. On August 11, 2011, Defendant filed a motion to dismiss for *forum non conveniens*, claiming that Plaintiffs' complaint should be brought in the Superior Court of New Jersey, Passiac County, where two personal injury actions arising out of the same incident are pending. *See Warcholik v. Hilaire*, Dkt. No. PAS-L-597-11 (Feb. 2, 2011); *Horopchak v. Hilaire*, Dkt. No. PAS-L-1259-11 (Mar. 10, 2011).

## II. The Doctrine of *Forum Non Conveniens*

Under the doctrine of *forum non conveniens*, a district court has the discretion to dismiss a complaint when an alternate, non-federal "forum has jurisdiction to hear the case, and when trial in

the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981) (internal quotation marks and citations omitted). Significantly, the United States Supreme Court has left open the question of whether *forum non conveniens* can be utilized when the alternate forum is a state court, stating that "[t]he common law doctrine of *forum non conveniens* has continuing application [in federal court] only in cases where the alternative forum is abroad, and perhaps in rare instances where a state or territorial court serves litigational convenience best." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (internal quotation marks and citations omitted). In instances where the alternate forum was a state court, Courts that have considered the "continuing application" of *forum non conveniens* have applied the *forum non conveniens* analysis, but failed to find the doctrine applicable. *See, e.g., Bacon v. Liberty Mut. Ins. Co.*, 575 F.3d 781, 784-85 (8th Cir. 2009); *DBS Corp. v. Reid Constr. Co.*, No. 1:10-CV-154, 2010 WL 3806415, at *6-7 (E.D. Tenn. Sept. 23, 2010); *Starr v. Hill*, No. 10-2070-STA, 2010 WL 2521378, at *3-4 (W.D. Tenn. June 16, 2010).

The procedural framework for employing this doctrine is threefold. First, the court must determine if there is an adequate alternative forum to hear the case. *Lony v. E.I. Du Pont de Nemours & Co.*, 886 F.2d 628, 633 (3d Cir. 1989) (citing *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43 (3d Cir. 1988)). Next, the court must evaluate the level of deference to accord the Plaintiff's choice of forum. *Id.* Finally, the court must "consider and balance" the list of private and public interest factors that are relevant to the *forum non conveniens*.[1] *Id.* The list of relevant private and public

---

[1] As originally set forth in *Gulf Oil Corp. v. Gilbert*, the list of private interest factors include the "relative ease of access to sources of proof; availability of compulsory process for attendance of

interest factors "is by no means exhaustive, and some factors may not be relevant in the context of a particular case." *Van Cauwenberghe v. Biard*, 486 U.S. 517, 528-29 (1988).  At each stage of this framework, the defendant bears the burden of persuasion. *Lacey*, 862 F.2d at 43.

### III. Analysis

In the instant case, Defendant's motion to dismiss for *forum non conveniens* must fail.  Generally, "great deference is accorded a plaintiff's choice of forum." *Lony*, 886 F.2d at 633 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)).  This is especially so when a plaintiff files their complaint in their home forum. *Id.*  Here, both subrogees are American corporations authorized to conduct business and issue policies of insurance in the state of New Jersey. Compl. ¶¶ 1-4.  Additionally, NJM is organized under the laws of the State of New Jersey with its principle place of business in West Trenton, New Jersey.  This is not a case where the plaintiffs are foreign nationals bringing their case in a U.S. court. *Cf. Piper*, 454 U.S. at 255-56 (Scottish citizens filing in the U.S. District Court for the Middle District of Pennsylvania); *Lony*, 886 F.2d 633-34 (West German business filing in the U.S. District Court for the District of Delaware).

Additionally, the balance of relevant factors weighs heavily in Plaintiffs' favor.  The private interest factors favor the Plaintiffs as the Subject Property is within 70 miles of the courthouse.

---

unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." 330 U.S. 501, 508 (1947).  Likewise, the public factors "included the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty. *Piper*, 454 U.S. at 241 n.6 (citing *Gilbert*, 330 U.S. at 509).

Thus, all sources of proof are readily available. The public interest factors favor the Plaintiffs because the Court's interest in deciding this controversy is no less than the state court's interest. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 821 (1976). Defendant argues that the most convenient solution is to litigate every related claim in a consolidated action. While the efficacy of this proposal is uncertain, maximum convenience is not the standard by which *forum non conveniens* is determined. Defendant also argues that the state and a federal trials could produce inconsistent results. This argument is also unavailing since the state and federal cases involve different parties and different issues. *See Warcholik v. Hilaire*, Dkt. No. PAS-L-597-11 (Feb. 2, 2011); *Horopchak v. Hilaire*, Dkt. No. PAS-L-1259-11 (Mar. 10, 2011).

### IV. Order

This Court has reviewed all submissions. For the reasons set forth in the above memorandum,

IT IS on this 15TH day of November 2011,

ORDERED that Defendant's motion to dismiss on *forum non conveniens* grounds [Docket Entry No. 12] is denied.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

November 15, 2011